1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

OPERA GALLERY TRADING
LTD., a Cyprus limited liability

11

company; and NAJELL
INVESTMENTS LTD., a Cyprus

12

limited liability company, as trustee
of THE GLOBAL ART PRIVATE

13

TRUST, a Cyrus trust,

14

Plaintiffs,

15

vs.

16

GOLDEN TRADE FINE ART INC.,
a New York corporation; and

17

GAILORD BOVRISSE, an
individual, RUBIN ASSOCIATES

18

INTERNATIONAL, P.C.
a New York professional corporation,

19

and NATHALIE A. BIJU-DUVAL
and Does 1 through 10,

20

21

Defendants.

Case No.  CV 15-569-SVW (KS)

**PROTECTIVE ORDER ENTERED
PURSUANT TO STIPULATION OF
THE PARTIES**

22

23     **Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based**

24    **on the parties' Stipulation On Two-Tiered Protective Order ("Stipulation")**

25    **filed on March 11, 2016 and their Joint Statement in support of the Stipulation,**

26    **which was filed on March 22, 2016, the terms of the protective order to which**

27    **the parties have agreed are adopted as a protective order of this Court (which**

28    **generally shall govern the pretrial phase of this action) except to the extent, as**

1

set forth below, that those terms have been modified by the Court's amendment of paragraphs 2, 3(a), 4, 5(c), 6(h), 7, and 10(c) of, and the addition of paragraph 20 to, the Stipulation.

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

### 1.   PURPOSES AND LIMITATIONS

The parties to the above-captioned lawsuit possess information related to the subject matter of this action that is confidential, and they recognize that in the course of discovery proceedings, it may be necessary to disclose such information.

Good cause exists for entry of this Protective Order as the Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### 2.   SCOPE OF PROTECTION

This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, ~~all designated testimony taken at a hearing or other proceeding,~~ all designated deposition exhibits, interrogatory answers, admissions, documents, and other discovery materials, whether produced informally or in

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

1  response to interrogatories, requests for admissions, requests for production of
2  documents or other methods of discovery.

3      This Protective Order shall also govern any designated record of information
4  produced in this action pursuant to required disclosures under any federal procedural
5  rule or local rule of the Court and any supplementary disclosures thereto.

6      This Protective Order shall apply to the parties and to any nonparty from
7  whom discovery may be sought who desires the protection of this Protective Order.

8      **3.**   **<u>DEFINITIONS</u>**

9      (a) The term PROTECTED INFORMATION shall mean trade secrets,
10 confidential, proprietary, technical, scientific, financial, business, health, or medical
11 information designated ~~as such~~ **CONFIDENTIAL INFORMATION or**
12 **CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY** by the
13 producing party.

14     (b) The term CHALLENGING PARTY shall mean a party or non-party to
15 this litigation that challenges the designation of information or items under this
16 Order.

17     (c) The term DESIGNATING PARTY shall mean a party or a non-party
18 that designates information or items that it produces in disclosures or in responses to
19 discovery as, alternatively, CONFIDENTIAL INFORMATION or
20 CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.

21     (d) The term CONFIDENTIAL INFORMATION – ATTORNEYS EYES
22 ONLY shall mean PROTECTED INFORMATION that is so designated by the
23 producing party. The designation CONFIDENTIAL – ATTORNEYS EYES ONLY
24 may be used only for the following types of past, current or future PROTECTED
25 INFORMATION:  (1) sensitive technical information, including current research,
26 development and manufacturing information and patent prosecution information, (2)
27 sensitive business information, including highly sensitive financial or marketing
28 information and the identity of suppliers, distributors and potential or actual

customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products or services, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products, services and strategic product planning, (5) trade secrets, including, but not limited to, customer lists, customer retention strategies, marketing strategies, proprietary commercial methods and approaches, commercial application forms and submissions, financial analysis techniques, or (6) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Protective Order the DESIGNATING PARTY reasonably and in good faith believes would likely cause harm to the DESIGNATING PARTY.

(e) The term CONFIDENTIAL INFORMATION shall mean all PROTECTED INFORMATION that is not designated as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY information.

(f) The term TECHNICAL ADVISOR shall refer to any person who is not a party to this action and/or not formerly, presently, potentially or anticipated to be employed by the receiving party or a company affiliated through common ownership or a competing company, whom has been designated by the receiving party to receive DESIGNATING PARTY's PROTECTED INFORMATION, including CONFIDENTIAL INFORMATION- ATTORNEYS EYES ONLY, and CONFIDENTIAL INFORMATION. Each party's TECHNICAL ADVISORS shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

(g) The term QUALIFIED RECIPIENT means

      i.  For CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY:

- Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

- Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

- Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

- Any outside TECHNICAL ADVISOR employed by the outside counsel of record, subject to the requirements and limitations herein; and

- Any witness during the course of discovery, so long as it is stated on the face of each document designated CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document. Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that:  (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the party seeking disclosure provides advance

notice to the party that produced the document, and (iii) the party that produced the document does not inform the party seeking disclosure that the person to whom the party intends to disclose the document did not in fact receive or review the documents. Nothing herein shall prevent disclosure at a deposition of a document designated CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY to the officers, directors, and managerial level employees of the party producing such CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY, or to any employee of such party who has access to such CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY in the ordinary course of such employee's employment.

ii.   For CONFIDENTIAL INFORMATION:

- Those persons listed in paragraph 2(g)(i);
- In-house counsel for a party to this action who are acting in a legal capacity and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary;
- The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party 's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes; and
- Employees of the parties.

**4.   <u>SCOPE</u>**

The protections conferred by this Protective Order cover not only PROTECTED INFORMATION (as defined above), but also (1) any information

6

1  copied or extracted from PROTECTED INFORMATION; (2) all copies, excerpts,
2  summaries, or compilations of PROTECTED INFORMATION; and (3) any
3  testimony, conversations, or presentations by parties or their counsel that might
4  reveal PROTECTED INFORMATION. However, the protections conferred by this
5  Protective Order do not cover the following information:  (a) any information that is
6  in the public domain at the time of disclosure to a Receiving Party or becomes part
7  of the public domain after its disclosure to a Receiving Party as a result of
8  publication not involving a violation of this Order, including becoming part of the
9  public record through trial or otherwise; and (b) any information known to the
10  Receiving Party prior to the disclosure or obtained by the Receiving Party after the
11  disclosure from a source who obtained the information lawfully and under no
12  obligation of confidentiality to the Designating Party.

13          **This Order does not govern the use of Protected Information at trial.**
14  Any use of Protected Material at trial shall be governed by a separate agreement or
15  order.

16          **5.    DISCLOSURE AGREEMENTS**

17          (a) Each party's TECHNICAL ADVISOR shall sign a disclosure
18  agreement in the form attached hereto as Exhibit A. Copies of any disclosure
19  agreement in the form of Exhibit A signed by any person or entity to whom
20  PROTECTED INFORMATION is disclosed shall be provided to the other party
21  promptly after execution by facsimile and overnight mail. No disclosures shall be
22  made to a TECHNICAL ADVISOR for a period of five (5) business days after the
23  disclosure agreement is provided to the other party.

24          (b) The parties may not designate any particular expert or TECHNICAL
25  ADVISOR whose access to DESIGNATING PARTY's PROTECTED
26  INFORMATION could conceivably result in the circumvention of the protections
27  afforded to DESIGNATING PARTY's PROTECTED INFORMATION under this
28  Protective Order.

1        (c) Before any PROTECTED INFORMATION is disclosed to outside
2    TECHNICAL ADVISORS, the following information must be provided in writing
3    to the producing party and received no less than five (5) business days before the
4    intended date of disclosure to that outside TECHNICAL ADVISOR:  the identity of
5    that outside TECHNICAL ADVISOR; the scope of relevant topics and purposes for
6    retaining the TECHNICAL ADVISOR; business address and/or affiliation and a
7    current curriculum vitae of the TECHNICAL ADVISOR, and, if not contained in
8    the TECHNICAL ADVISOR's curriculum vitae, a brief description, including
9    education, present and past employment and general areas of expertise of the
10   TECHNICAL ADVISOR. If the producing party objects to disclosure of
11   PROTECTED INFORMATION to an outside TECHNICAL ADVISOR, the
12   producing party shall within five (5) business days of receipt serve written
13   objections identifying the specific basis for the objection, and particularly
14   identifying all information to which disclosure is objected. Failure to object within
15   five (5) business days shall authorize the disclosure of PROTECTED
16   INFORMATION to the TECHNICAL ADVISOR. As to any objections, the parties
17   shall attempt in good faith to promptly resolve any objections informally. If the
18   objections cannot be resolved, the party seeking to prevent disclosure of the
19   PROTECTED INFORMATION to the TECHNICAL ADVISOR shall move within
20   five (5) business days for an Order of the Court preventing the disclosure. The
21   burden of proving that the designation is proper shall be upon the ~~producing~~
22   **designating** party. If no such motion is made within five (5) business days,
23   disclosure to the TECHNICAL ADVISOR shall be permitted. In the event that
24   objections are made and not resolved informally and a motion is filed, disclosure of
25   PROTECTED INFORMATION to the TECHNICAL ADVISOR shall not be made
26   except by Order of the Court.
27
28

1    (d) Any disclosure agreement executed by any person affiliated with a
2    party shall be provided to any other party who, based upon a good faith belief that
3    there has been a violation of this order, requests a copy.

4    (e) No party shall attempt to depose any TECHNICAL ADVISOR until
5    such time as the TECHNICAL ADVISOR is formally designated by the party
6    engaging the TECHNICAL ADVISOR as a testifying expert. Notwithstanding the
7    preceding sentence, any party may depose a TECHNICAL ADVISOR as a fact
8    witness provided that the party seeking such deposition has a good faith,
9    demonstrable basis independent of the disclosure agreement of Exhibit A or the
10   information provided under subparagraph (a) above that such person possesses facts
11   relevant to this action, or facts likely to lead to the discovery of admissible evidence;
12   however, such deposition, if it precedes the designation of such person by the
13   engaging party as a testifying expert, shall not include any questions regarding the
14   scope or subject matter of the engagement. In addition, if the engaging party
15   chooses not to designate the TECHNICAL ADVISOR as a testifying expert, the
16   non-engaging party shall be barred from seeking discovery or trial testimony as to
17   the scope or subject matter of the engagement.

18   **6.    DESIGNATION OF INFORMATION**

19   (a) Documents and things produced or furnished during the course of this
20   action shall be designated as containing CONFIDENTIAL INFORMATION by
21   placing on each page, each document (whether in paper or electronic form), or each
22   thing a legend substantially as follows:

23                         CONFIDENTIAL INFORMATION

24   (b) Documents and things produced or furnished during the course of this
25   action shall be designated as containing information which is CONFIDENTIAL
26   INFORMATION – ATTORNEYS EYES ONLY by placing on each page, each
27   document (whether in paper or electronic form), or each thing a legend substantially
28   as follows:

CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY

(c) During discovery a producing party shall have the option to require that all or batches of materials be treated as containing CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

(d) A DESIGNATING PARTY may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by requesting the reporter to so designate the transcript at the time of the deposition.

(e) A DESIGNATING PARTY shall designate its discovery responses, responses to requests for admissions, briefs, memoranda, and all other papers sent to the court or to opposing counsel as containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY when such papers are served or sent.

(f) A DESIGNATING PARTY shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

(g) The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY that is not entitled to such designation or which is generally available to the public. The parties shall designate only that part of a document or deposition that is CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, rather than the entire document or deposition. For example, if a party claims

that a document contains pricing information that is CONFIDENTIAL – ATTORNEYS EYES ONLY, the party will designate only that part of the document setting forth the specific pricing information as ATTORNEYS EYES ONLY, rather than the entire document.

~~(h)  In multi-party cases, Plaintiffs and/or Defendants shall further be able to designate documents as CONFIDENTIAL INFORMATION – NOT TO BE DISCLOSED TO OTHER PLAINTIFFS or CONFIDENTIAL INFORMATION – NOT TO BE DISCLOSUE TO OTHER DEFENDANTS for other documents that shall not be disclosed to other parties.~~

## 7.    DISCLOSURE AND USE OF PROTECTED INFORMATION

**Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Information only to the Court and its personnel and to Qualified Recipients.**  PROTECTED INFORMATION that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY shall be disclosed to the receiving party only by way of QUALIFIED RECIPIENTS and stored and maintained in a secure manner. All QUALIFIED RECIPIENTS shall hold such information received from the disclosing party in a secure manner and in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent application (of any type), patent reissue or reexamination request, or other intellectual property application and shall not disclose it to any person, except as hereinafter provided.  All information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

1    ~~In multi-party cases, documents designated as CONFIDENTIAL~~
2    ~~INFORMATION or CONFIDENTIAL INFORMATION — ATTORNEYS EYES~~
3    ~~ONLY shall not be disclosed to other plaintiffs and/or defendants.~~

4    **8.    USE OF PROTECTED INFORMATION IN LITIGATION**

5    (a) In the event that any receiving party's briefs, memoranda, discovery
6    requests, requests for admission or other papers of any kind which are served or
7    filed shall include a DESIGNATING PARTY'S PROTECTED INFORMATION,
8    the papers shall be appropriately designated pursuant to paragraph 5 and shall be
9    treated accordingly.

10   (b) All documents, including attorney notes and abstracts, which contain a
11   DESIGNATING PARTY'S PROTECTED INFORMATION, shall be handled as if
12   they were designated pursuant to paragraph 5.

13   (c) Documents, papers and transcripts filed with the court which contain a
14   DESIGNATING PARTY'S PROTECTED INFORMATION shall be filed in sealed
15   envelopes and labeled according to local rules.

16   (d) To the extent that documents are reviewed by a receiving party prior to
17   production, any knowledge learned during the review process will be treated by the
18   receiving party as CONFIDENTIAL INFORMATION - ATTORNEYS EYES
19   ONLY until such time as the documents have been produced, at which time any
20   stamped classification will control. No photograph or any other means of
21   duplication, including but not limited to electronic means, of materials provided for
22   review prior to production is permitted before the documents are produced with the
23   appropriate stamped classification.

24   (e) In the event that any question is asked at a deposition with respect to
25   which a party asserts that the answer requires the disclosure of CONFIDENTIAL
26   INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES
27   ONLY, such question shall nonetheless be answered by the witness fully and
28   completely. Prior to answering, however, all persons present shall be advised of this

Order by the party making the confidentiality assertion and, in the case of information designated as CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY at the request of such party, all persons who are not allowed to obtain such information pursuant to this Order, other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

(f) Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his examination of materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY.

**9.      INADVERTENT FAILURE TO DESIGNATE**

(a) In the event that a DESIGNATING PARTY inadvertently fails to designate any of its information pursuant to paragraph 4, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b) It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

**10.   CHALLENGES TO DESIGNATION**

(a) Any receiving party may challenge a DESIGNATING PARTY's designation at any time. Receiving party thereby becomes a CHALLENGING PARTY under this protective order. A failure of any party to expressly challenge a designation shall not constitute a waiver of the right to assert at any subsequent time

1  that the same is not in-fact confidential or not an appropriate designation for any

2  reason.

3        (b) Notwithstanding anything set forth herein, any CHALLENGING

4  PARTY may disagree with the designation of any information received from the

5  DESIGNATING PARTY as CONFIDENTIAL INFORMATION or

6  CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY. In that case,

7  any CHALLENGING PARTY desiring to disclose or to permit inspection of the

8  same otherwise than is permitted in this Order, may request the DESIGNATING

9  PARTY in writing to change the designation, stating the reasons in that request. The

10  DESIGNATING PARTY shall then have five (5) business days from the date of

11  receipt of the notification to:

12          i. advise the CHALLENGING PARTY whether or not it persists in such

13           designation; and

14          ii. if it persists in the designation, to explain the reason for the particular

15           designation.

16        (c) If its request under subparagraph (b) above is turned down, or if no

17  response is made within five (5) business days after receipt of notification, any

18  DESIGNATING PARTY may then move the court for a protective order or any

19  other order to maintain the designation. The burden **and expense** of proving that the

20  designation is proper shall be upon the DESIGNATING PARTY. If no such motion

21  is made within five (5) business days, the information will be de-designated to the

22  category requested by the CHALLENGING PARTY. In the event objections are

23  made and not resolved informally and a motion is filed, disclosure of information

24  shall not be made until the issue has been resolved by the Court (or to any limited

25  extent upon which the parties may agree). Further, no party shall be obligated to

26  challenge the propriety of any designation when made, and failure to do so shall not

27  preclude a subsequent challenge to the propriety of such designation.

28

(d) With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the DESIGNATING PARTY if:

      i. the information in question has become available to the public through no violation of this Order; or

      ii. the information was known to any CHALLENGING PARTY prior to its receipt from the DESIGNATING PARTY; or

      iii. the information was received by any CHALLENGING PARTY without restrictions on disclosure from a third party having the right to make such a disclosure.

**11.** **INADVERTENTLY PRODUCED PROTECTED INFORMATION**

The parties hereto also acknowledge that, regardless of the producing party's diligence, an inadvertent production of privileged materials or PROTECTED INFORMATION may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, the parties therefore agree that if a party produces or provides discovery through inadvertence that it believes is PROTECTED INFORMATION or otherwise subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is PROTECTED INFORMATION under this Protective Order or otherwise subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the DESIGNATING PARTY. The receiving party shall return to the producing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, PROTECTED INFORMATION or otherwise properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the

1  Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that
2  such document or thing has been improperly designated or should be produced.

3      **12.   INADVERTENT DISCLOSURE**

4      In the even a party inadvertently disclosures PROTECTED INFORMATION
5  to a non-QUALIFIED RECIPIENT, the party making the inadvertent disclosure
6  shall promptly upon learning of the disclosure:  (i) notify the person to whom the
7  disclosure was made that it contains CONFIDENTIAL INFORMATION or
8  CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY subject to this
9  Order; (ii) make all reasonable efforts to preclude dissemination or use of the
10 PROTECTED INFORMATION by the person to whom disclosure was
11 inadvertently made including, but not limited to, obtaining all copies of such
12 materials from the non-QUALIFIED RECIPIENT; and (iii) notify the
13 DESIGNATING PARTY of the identity of the person to whom the disclosure was
14 made, the circumstances surrounding the disclosure, and the steps taken to ensure
15 against the dissemination or use of the information.

16     **13.   LIMITATION**

17     This Order shall be without prejudice to any party's right to assert at any time
18 that any particular information or document is or is not subject to discovery,
19 production or admissibility on the grounds other than confidentiality.

20     **14.   CONCLUSION OF THE ACTION**

21      (a) At the conclusion of this action, including through all appeals, each
22 party or other person subject to the terms hereof shall be under an obligation to
23 destroy or return to the DESIGNATING PARTY all materials and documents
24 containing PROTECTED INFORMATION and to certify to the DESIGNATING
25 PARTY such destruction or return. Such return or destruction shall not relieve said
26 parties or persons from any of the continuing obligations imposed upon them by this
27 Order.

28

(b) After this action, trial counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect a DESIGNATING PARTY'S PROTECTED INFORMATION. Such archive copies shall remain subject to all obligations of this Order.

(c) The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

**15.     PRODUCTION BY THIRD PARTIES PURSUANT TO SUBPOENA**

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY. The parties agree that they will treat CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY produced by third parties according to the terms of this Order.

**16.     COMPULSORY DISCLOSURE TO THIRD PARTIES**

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY of a DESIGNATING PARTY, the receiving party shall give prompt written notice to counsel for the DESIGNATING PARTY and allow the DESIGNATING PARTY an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory

disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

### 17.   JURISDICTION TO ENFORCE PROTECTIVE ORDER

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

### 18.   MODIFICATION OF PROTECTIVE ORDER

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

### 19.   CONFIDENTIALITY OF PARTY'S OWN DOCUMENTS

Nothing herein shall affect the right of the DESIGNATING PARTY to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own PROTECTED INFORMATION. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the DESIGNATING PARTY the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

### 20.   OTHER COURT PROCEEDINGS

**Nothing in this Protective Order should be construed as authorizing a Receiving Party in this action to disobey a lawful directive from another court.**

IT IS SO ORDERED.

DATED: March 23. 2016

_Karen L. Stevenson_
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

18

# EXHIBIT A/DISCLOSURE AGREEMENT

I, _____, am employed   by _____.   In connection with this action, I am:

_____a director, officer or employee of _____who is directly assisting in this action;

_____have been retained to furnish technical or other expert services or to give testimony (a "TECHNICAL ADVISOR");

_____Other Qualified Recipient (as defined in the Protective Order)

(Describe:

_____)

I have read, and understand and agree to comply with and be bound by the terms of the Protective Order in the matter of *Opera Gallery Trading Ltd. et al. v. Golden Trade Fine Art, Inc., et al*.,   USDC CD Cal., Civil Case No. 2:15-cv-00569-SVW-RZx, pending in the United States District Court for the Central District of California. I further state that the Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using or disclosing any PROTECTED INFORMATION, including documents, for any purpose not appropriate or necessary to my participation in this action or disclosing such documents or information to any person not entitled to receive them under the terms of the Protective Order. To the extent I have been given access to PROTECTED INFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Protective Order to have access to such information, and (b) have executed a Disclosure Agreement. I will return, on request, all materials containing PROTECTED INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated. I agree to be

1   bound by the Protective Order in every aspect and to be subject to the jurisdiction of

2   the United States District Court for the Central District of California, for purposes of

3   its enforcement and the enforcement of my obligations under this Disclosure

4   Agreement. I declare under penalty of perjury that the foregoing is true and correct.

_____

Signed by Recipient

_____

Name (printed)

Date: